# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>CHARLES LEBEAU, ET AL.,<br><br>                        Defendant. | Case No.: 3:17-cv-01046-GPC-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**[DKT. NO. 53]** |

Before the Court is Plaintiff's motion for a leave to file a second amended complaint. (Dkt. No. 53.) An opposition was filed. (Dkt. No. 55.) A reply was filed. (Dkt. No. 56.) Based on the reasoning below, the Court **GRANTS** Plaintiff's motion for leave to file a second amended complaint.

## Background

On May 23, 2017, the United States of America ("Plaintiff") filed a complaint to foreclose judgment liens[1] on real property against Charles and Victoria LeBeau

---

[1] In a related case, on October 29, 2012, the Court entered judgment in favor of United States of America against Defendants Charles and Victoria Le Beau in the amount of $1,157,165.85 plus interest accruing after July 1, 2012, and also entered judgment against Defendant Charles Le Beau in the amount of $371,257.66 plus interest accruing after July 1, 2012. See Case No. 10cv817-GPC(NLS), Dkt. No. 68.

1

(collectively "Defendants"). (Dkt. No. 1.) On September 29, 2018, Plaintiff filed a first amended complaint ("FAC") seeking to: (1) determine that the United States' judgment lien attaches to all property held by Victoria LeBeau, including real property located at 1999 Via Segovia, La Jolla, CA 92037 (the "Property"); (2) determine that Victoria LeBeau holds Charles LeBeau's one-half interest in the Property as nominee for Charles LeBeau or, in the alternative, set aside the transfers of Charles LeBeau's interest in the Property to Victoria LeBeau and Casa de Erin, LLC as fraudulent conveyances; and, (3) to enforce the United States' judgment lien against Charles and Victoria LeBeau upon the Property. (Dkt. No. 33.) Defendant filed a motion to dismiss Plaintiff's first amended complaint on October 23, 2017. (Dkt. No. 36.) On December 8, 2017, this Court issued an order denying Defendants's motion to dismiss, and granted in part Defendants' motion to stay proceedings as to Victoria LeBeau for the tax years 1995, and 1997-1999. (Dkt. No. 42.)

On April 6, 2018 Plaintiff moved for leave to file a second amended complaint to add a count enforcing federal tax liens on the Property. (Dkt. No. 53-1.) Plaintiff seeks leave to file a second amended complaint to enforce the tax liens because the Internal Revenue Service recently refiled the erroneously released liens. (Dkt. No. 53-1.) On May 10, 2018, Defendants filed a response. (Dkt. No. 55.) Plaintiff filed a reply on May 24, 2018. (Dkt. No. 56.)

## Discussion

### I. Legal Standard Under Federal Rule of Civil Procedure 15(a)

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading may be allowed by leave of the court; such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court's discretion to grant or deny leave to amend is guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme

liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Leave to amend should be freely given, as Rule 15(a) requires, unless it is apparent: (1) the movant is motivated by undue delay; (2) the movant is acting in bad faith or has a dilatory motive; (3) the movant has failed to cure deficiencies in previously allowed amendments; or, (4) leave to amend will unduly prejudice the opposing party. *Foman v. Davis*, 317 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012). Notably, the Ninth Circuit added a fifth factor to the analysis: futility of amendment. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2014) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."))

As a consequence of Rule 15(a)'s liberal spirit, the nonmoving party bears the burden of demonstrating why leave to amend should be denied; the nonmoving party may overcome this burden by using the five aforementioned factors—undue delay, bad faith, prejudice to the opposing party, futility of amendment, or whether plaintiff previously amended the complaint. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). These factors, however, are not equally weighted; the possibility of delay alone, for example, may not justify denial of leave to amend, *DCD Programs*, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999). Prejudice to the opposing party carries the most weight of all the factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [four] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

## II. Analysis

Of the five factors, Defendants argue that Plaintiff's leave to amend would cause undue delay, produce prejudice, is motivated by bad faith, and is futile. First, Defendants claim that Plaintiff waited until the very last day to file its motion to seek leave to amend the complaint. (Dkt. No. 55.) Plaintiff's reply argues that there is no undue delay because it filed its motion to amend only days after the Internal Revenue Service refiled the federal tax liens. (Dkt. No. 53-1 at 6-7.[2]) Plaintiff also points out that it does not wish to extend discovery or dispositive motion deadlines past the dates mandated in the scheduling order. (Dkt. No. 56 at 2.) In this case, the scheduling order filed on February 12, 2018 states that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed **April 6, 2018.**" (Dkt. No. 50 (emphasis in original).) Plaintiff timely filed its motion for leave to file a second amended complaint on April 6, 2018. Moreover, Plaintiff filed the motion shortly after the IRS refiled the federal tax liens. Thus, this Court finds no grounds support the claim of undue delay.

Second, Defendants argue that they would suffer prejudice should this Court grant leave to amend. Plaintiff argues that Defendants' argument regarding prejudice "ignores the fact that adding a count to enforce a federal tax lien in addition to the judgment lien does not fundamentally change the issues to be decided" because the judgment lien has been valid since 2013, and now Plaintiff simply seeks to foreclose the judgment and tax liens. (Dkt. No. 56 at 3.) Plaintiff explains that when the IRS reviewed Defendants' tax liabilities, it noted that several of the filed notices of federal tax lien had lapsed without proper re-filings. (Dkt. No. 53-1 at 4.) The lapse of tax liens does not affect the amounts owed but alters the priority of the tax liens. (Id.) The IRS completed the process of

---

[2] Page numbers are based on the CM/ECF pagination.

refiling lapsed notice of federal tax liens encompassed in Defendants' judgment lien on April 3, 2018. (Id.)

The Court is not persuaded by Defendants' argument because, as Plaintiff correctly acknowledges, the federal tax liens the United States now seeks to enforce against the Property are based on the same tax liabilities secured by the judgment lien, and the property the United States seeks to sell is the same property from the First Amended Complaint. Because of these constant factors, it cannot be said that Defendants defenses must substantially change. Furthermore, at this early stage in litigation, Defendants' defenses are not thwarted if Plaintiff is granted leave to file a second amended complaint. Defendants have not demonstrated prejudice.

Third, Defendants argue that Plaintiff's attempt to seek leave to amend is motivated by bad faith. Plaintiff argues that Defendants confuse a properly refiled Notice of Federal Tax Lien with bad faith because the Internal Revenue Code permits the United States to revoke an erroneous release of a tax lien pursuant to 26 U.S.C. § 6325(f)(2) and refile the federal tax lien pursuant to 26 U.S.C. § 6323(g). Plaintiff only sought to add the count to enforce the tax liens after Victoria LeBeau filed a claim for innocent spouse relief. Because the IRS had just completed the lien refiling process on April 3, 2018, Plaintiff could not have included it to enforce the liens in earlier versions of the complaint. (Dkt. No. 53-1 at 4.) This is not an instance of bad faith. Here, Plaintiff was unable to pursue the claim due to the time it took the IRS to complete the lien refiling process—the delay was not caused by any of Plaintiff's efforts. The Court is persuaded by Plaintiff's legal argument, as it is made pursuant to statute, and clearly supports the contention that a refiled notice of a federal tax lien does not amount to bad faith on the part of the United States. As Plaintiff properly points out, this is an instance of "the IRS fixing a mistake that it is entitled to correct." (Dkt. No. 56 at 3.)

Fourth, Defendants argue that Plaintiff's proposed amendment is futile because Plaintiffs "will prevail in their forthcoming Motion for Declaratory Judgment, Motion for Summary Judgment, or Motion to Remove the case to the Tax Court[.]" (Dkt. No. 55 at 3.) Defendants argue that should the case be removed to tax court, the court may be more receptive to their request of financial hardship within the IRS compliance rules and Equitable Innocent Spouse relief. (Dkt. No. 55 at 3). Plaintiff dispenses of Defendants' argument on this point, arguing that this matter cannot be removed to the United States Tax Court because district courts have exclusive jurisdiction over federal tax and judgment lien foreclosure cases. *See* 26 U.S.C. § 7403(a) and 28 U.S.C. §§ 3201(f)(1), 3002(2). Furthermore, as Plaintiff explains, well settled law under 26 U.S.C. § 7403 and Supreme Court jurisprudence in *United States v. Rodgers*, 461 U.S. 677, 693-94 (1983), allows the United States to foreclose tax liens on jointly owned property, even if a co-owner is not liable for the federal taxes. As such, this Court is not able to find proper grounds for futility.

## Conclusion

Based on the reasoning above, the Court **GRANTS** Plaintiff's motion for leave to file a Second Amended Complaint. Plaintiff shall file a Second Amended Complaint within three (3) days of the filed date of this Order. The hearing date set for June 15, 2018 shall be **vacated**.

**IT IS SO ORDERED.**

Dated: June 7, 2018

Hon. Gonzalo P. Curiel
United States District Judge