UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>CHARLES P. LE BEAU, et al.,<br><br>                              Defendants. | Case No.: 17cv1046-LL-AGS<br><br>**ORDER GRANTING MOTION TO PARTIALLY LIFT STAY**<br><br>**[ECF No. 94]** |

Currently before the Court is the United States' Motion to Lift the Stay. ECF No. 94. One of the Defendants – Charles Le Beau – filed a response in opposition pro se. ECF No. 97. The United States filed a reply. ECF No. 99. On January 8, 2022, the case was transferred to the below signed district judge, ECF No. 96, after which this Court vacated a hearing on the motion scheduled for February 11, 2022 and took the motion under submission without oral argument, ECF No. 101. For the below reasons, the Motion is **GRANTED**.

**I.     Background**

The United States "moves the Court to lift the stay to determine whether Victoria Le Beau holds Charles Le Beau's interest in real property located at 1999 Via Segovia, La Jolla, California (the Property) as his nominee, or in the alternative, under a fraudulent conveyance theory, and whether the United States is entitled to enforce its tax and judgment

liens against his interest in the Property." ECF No. 97 at 1-2. According to the United States, this suit was filed to enforce its federal tax and judgment liens against Defendants' interests in the Property. The Property is titled in the name of Victoria Le Beau and she holds Charles Le Beau's interest in the Property. The United States seeks to sell the Property and apply the proceeds to the Le Beau's tax debt pursuant to judgments entered nine years ago in *United States v. Le Beau, et al.*, 10-cv-817 (S.D. Cal).

On October 16, 2018, Judge Curiel stayed this case pending the resolution of Victoria Le Beau's petition for innocent spouse relief in the U.S. Tax Court. ECF No. 85. The United States initially believed the U.S. Tax Court case would be resolved within a few months. It has now been three years. Following a Joint Status Report filed on September 30, 2021, Judge Curiel ordered the parties to brief their positions on whether a continued stay is warranted. ECF No. 92.

## II. Legal Standards

A motion to stay discovery must be supported by "good cause" and a "strong showing." *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to grant a stay of discovery, the court must consider the objectives of Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action." *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-603 (D. Nev. 2011). District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

The district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice

measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*

### III. Discussion

The United States asks the Court to lift the stay in a manner that will not be affected by any decision of the U.S. Tax Court. ECF No. 94-1. Specifically, the United States seeks to reopen discovery for a short period in order to seek updated documentary evidence from third parties. The United States then plans to file a motion for summary judgment, seeking a determination that Charles Le Beau maintains a one-half interest in the Property because Victoria Le Beau holds his interest as his nominee, or in the alternative, through a fraudulent conveyance theory. The United States will also seek a determination that it is entitled to enforce its liens on Charles Le Beau's interest in the Property. If the United States prevails, the issue will remain as to whether the United States is entitled to enforce its liens against Victoria Le Beau's interest in the Property. A decision by the U.S. Tax Court could affect this decision, so the United States does not seek a determination on this question now. In addition, the United States would still need to move for an Order of Sale as to the Property (following a determination that the United States is entitled to enforce its liens against it). The Court would not need to decide whether to issue an order of sale at this time.

In opposition, Charles Le Beau argues: (1) the delay in the Tax Court was caused by the Covid-19 pandemic, not the Defendants: (2) they will be harmed if the case is allowed to proceed because "[t]he Tax Court has been known to favor tax payers while generally U.S. District Courts are not so understanding;" (3) "Defendants can barely afford to pay their monthly expenses; (4) "[i]t is the IRS and Plaintiff who are in bad faith;" and (5) he is "disabled with numerous life-threatening illnesses."[1] ECF No. 97.

---

[1] Mr. Le Beau also requests the Court to take judicial notice of numerous documents attached to his opposition, including documents filed with the U.S. Tax Court. ECF No. 98. Because these documents do not influence this Court's decision on the instant motion, Mr. Le Beau's request to take judicial notice is **DENIED AS MOOT**.

In reply, the United States argues that the U.S. Tax Court case "has no bearing on Charles Le Beau's interest in the Property, it only concerns Victoria Le Beau's liabilities" and "the stay only serves to benefit the Le Beaus who continue to enjoy the benefits of residing in a nearly $3 million dollar residence in La Jolla, while delaying any payment of their federal tax debt." ECF No. 99 at 2. The United States explains:

> The issue of whether Charles Le Beau fraudulently transferred the Property to Victoria Le Beau or whether Victoria Le Beau holds the Property as his nominee is not before the U.S. Tax Court. Whether the United States is entitled to enforce its liens on Charles Le Beau's interest in the Property is not before the U.S. Tax Court. Those issues are solely before this Court.

*Id*. at 3.[2]

Based on the above, there appears to be little to no possibility that Plaintiff would suffer unfair damage, hardship, or inequity if the stay were lifted because, as requested by the United States, the portion of the case that could be affected by the U.S. Tax Court's decision will still be subject to the stay. Moreover, given the age of this case and length of the current stay, partially lifting the stay in order to attempt to resolve as many issues as possible promotes the orderly course of justice because it will likely simplify issues of proof and questions of law.

Accordingly, the United States' Motion to Lift the Stay [ECF No. 94] is **GRANTED**. The stay is **LIFTED** as to Charles Le Beau in order to proceed to a determination of his ownership interest in the Property under either a nominee or fraudulent

///
///
///
///

---

[2] Mr. Le Beau also filled a "supplemental" opposition pointing out that the Property was worth $315,000 in 1980 when it was purchased. ECF No. 102. However, this does not appear to have a proper filing, and regardless, it is not relevant to the issue of lifting the stay.

1  conveyance theory of ownership. The United States may seek leave from the magistrate
2  judge to reopen discovery in order to seek updated documentary evidence from third
3  parties.

4  **IT IS SO ORDERED**.

5  Dated:  March 1, 2022

_____
Honorable Linda Lopez
United States District Judge