1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br>v.<br>CHARLES P. LE BEAU, et al.,<br>                                      Defendants. | Case No.: 17cv1046-LL-AHG<br><br>**ORDER:**<br><br>(1) **DENYING DEFENDANTS' MOTION TO STRIKE ALL OF PLAINTIFF'S PLEADINGS [ECF No. 119];**<br><br>(2) **DENYING DEFENDANTS' MOTION TO STAY ALL COURT PROCEEDINGS UNTIL AFTER TAX COURT TRIAL [ECF No. 121];**<br><br>(3) **DENYING DEFENDANTS' MOTION TO DETERMINE BASES FOR DISALLOWS OF DEPRECIATION AND TAX DEDUCTIONS [ECF No. 122];**<br><br>(4) **DENYING DEFENDANTS' MOTION TO DISCOVER BASES FOR TRANSFER FROM JUDGE CURIEL TO JUDGE LOPEZ [ECF No. 123];** |
|---|---|

1

**(5) DENYING DEFENDANTS' MOTION FOR JURY TRIAL [ECF No. 124]**

**[ECF Nos. 119, 121, 122, 123, 124]**

This matter comes before the Court on several motions filed by Defendants Charles P. Le Beau and Victoria J. Le Beau (collectively "Defendants"). On January 13, 2023, Defendants filed the five following motions: (1) Motion to Strike All of Plaintiff's Pleadings ("Motion to Strike"); (2) Motion to Stay All Court Proceedings Until After Tax Court Trial ("Motion to Stay"); (3) Motion to Determine Bases for Disallows of Depreciation and Tax Deductions ("Motion to Determine Bases for Disallows"); (4) Motion to Discover Basis for Transfer of Case from Judge Curiel to Judge Lopez ("Motion to Discover Basis for Transfer"); and (5) Motion for Jury Trial. ECF Nos. 119, 121, 122, 123, 124. Plaintiff United States of America ("Plaintiff") filed a response in opposition to Defendants' motions on February 3, 2023. ECF No. 126, Opposition to Plaintiff's Motions ("Oppo."). Defendants did not file a reply. *See generally* Docket; *see also* ECF No. 136 (Defendants were granted an extension to file a reply by April 13, 2023). For the reasons discussed below, the Court **DENIES** each of Defendants' motions.

I. **MOTION TO STRIKE ALL OF PLAINTIFF'S PLEADINGS**

Defendants' Motion to Strike requests that the Court strike all pleadings filed by Plaintiff in this case due to the fact that Plaintiff's attorney, Jessica Reimelt ("Reimelt"), is "not qualified to [p]ractice [l]aw in California." ECF No. 119, Motion to Strike at 1. Further, Defendants argue that Plaintiff's pleadings should be stricken because Plaintiff references the name "David A. Hubbert, Deputy Assistant Attorney General, Tax Division" without Hubbert's signature. *Id.* at 2. Defendants state they do not know who Hubbert is and have never communicated with Hubbert. *Id.*

Plaintiff responds that Defendants' "argument appears to rest on the erroneous contention that the undersigned [Reimelt] is not authorized to represent the United States

in this matter." Oppo. at 2. Plaintiff states that Reimelt is barred in Maryland and she "is entitled to appear before this Court on behalf of the United States." *Id.* In addition, Plaintiff maintains that David A. Hubbert ("Hubbert") "is on the signature line in his capacity at the head of the Tax Division." *Id.* at 3.

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Motions to strike are disfavored, and courts will generally only grant a motion to strike when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Here, Defendants fail to demonstrate that Plaintiff's pleadings contain "redundant, immaterial, impertinent, or scandalous matter" or that Plaintiff's pleadings have no possible bearing on this subject matter of this action. *See Whittlestone*, 618 F.3d at 973; *Cal. Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033. Specifically, although Reimelt may be barred in the state of Maryland, she is permitted to practice in this court. *See* 28 U.S.C. §§ 515–517 (Any "officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, . . . which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought."); *see also* S.D. Cal. CivLR 83.3(c)(3) ("An attorney who is not [admitted to State Bar of California], but who is a member in good standing of, and eligible to practice before, the bar of any United States court or of the highest court of any state . . . may practice in this court in any matter in which the attorney is employed or retained by the United States or its agencies.").

Further, despite Defendants' contentions that they have never communicated with Hubbert, Hubbert is permitted to supervise the prosecution of cases in this Court in his capacity as the "Deputy Assistant Attorney General for the United States Department of Justice, Tax Division." *See* 28 U.S.C. § 515; *see also* 28 C.F.R. § 0.70 (The Assistant Attorney General, Tax Division conducts, handles, and supervises the "[p]rosecution and defense in all courts, other than the Tax Court, of civil suits, and the handling of other matters, arising under the internal revenue laws, and litigation resulting from the taxing provisions of other Federal statutes."). Therefore, the Court denies Defendants' Motion to Strike.

## II.  MOTION TO STAY ALL COURT PROCEEDINGS

Defendants' Motion to Stay asks for a stay of all proceedings pending the resolution of Defendant Victoria Le Beau's trial in the U.S. Tax Court.[1] ECF No. 121, Motion to Stay.

In opposition, Plaintiff states that "there is no reason to impose the stay as to Charles Le Beau" because the portion of this action that could be affected by the U.S. Tax Court's decision does not affect the portion of this action where the stay was partially lifted. *See* Oppo. at 5.

The Court has previously considered Defendants' arguments in favor of staying all proceedings. On March 1, 2022, this Court lifted the stay as to Charles Le Beau "in order to proceed to a determination of his ownership interest in the Property under either a nominee or fraudulent conveyance theory of ownership." ECF No. 104 at 4–5. As the Court explained in its order, "the portion of the case that could be affected by the U.S. Tax Court's decision will still be subject to the stay." *Id.* at 4. The stay was partially lifted "to attempt to resolve as many issues as possible [to] promote[] the orderly course of justice" given the

---

[1] The U.S. Tax Court trial was initially calendared for February 27, 2023, but the trial date has since been vacated. *See Le Beau et al. v. Comm'r of Internal Revenue*, Case No. 12784-18, No. 49 (US Tax Court docket reflects that the February 23, 2023 trial date was vacated and has not been reset).

4

age of the case and length of the previous stay. *Id.* In the Motion to Stay presently before the Court, Defendants have not presented any new arguments or reasons to stay the proceedings. *See generally* Motion to Stay at 1–2. As such, for the same reasons presented in the Court's prior order, the stay will remain partially lifted as to Defendant Charles Le Beau. Therefore, the Court denies Defendants' Motion to Stay.

## III. MOTION TO DETERMINE BASES FOR DISALLOWS OF DEPRECIATION AND TAX DEDUCTIONS

Defendants seek the bases for the disallows of depreciations and tax deductions because there was no "factual or legal authority to disallow depreciation and deductions of maintenance on pool expenses." ECF No. 122, Motion to Determine Bases for Disallows at 1.

Plaintiff responds that Defendants' request is not specific and does not identify the tax year at issue. *See* Oppo. at 6. Plaintiff states that to the extent Defendants' request applies to one of the tax years in the judgment against Defendants in the prior action, *United States v. Le Beau et al.* ("*Le Beau I*"), judgment has already been entered. *See id.*; *see also United States v. Le Beau et al.*, Case No. 10-cv-00817-GPC-NLS, ECF Nos. 67, 68. Plaintiff further contends that to the extent Defendants' request applies to other years not at issue in this case, "this Court has no authority to issue a determination." Oppo. at 6.

Here, Defendants have not specified which tax years they seek bases for the disallows of depreciations and tax deductions from. To the extent that Defendants seeks the bases for the disallows from one of the tax years in the prior judgment from *Le Beau I*, under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996) (citation omitted). "In the [income] tax context, once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.'" *Id.* (quoting *C.I.R. v. Sunnen*, 333 U.S. 591, 598 (1948) ("Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action.")).

On October 29, 2012, judgment was entered against Defendants as to federal income tax assessments made against Defendants for the tax periods ending in 1992, 1993, 1994, 1995, 1997, 1998, 1999. *See Le Beau I*, ECF No. 67 at 2. Res judicata therefore bars this Court from revisiting the Court's prior decision as to Defendants' liability for the 1992, 1993, 1994, 1995, 1997, 1998, 1999 tax years. *See Sunnen*, 333 U.S. at 598; *In re Baker*, 74 F.3d at 910.

To the extent that Defendants' request applies to tax years that were not at issue in *Le Beau I*, Defendants' request goes beyond the issues raised in this action. *See* ECF No. 58 ¶¶ 11–14, 23–48 (Plaintiff's operative complaint requests a judgment that it has valid tax liens against Defendants for federal income tax liabilities from 1992-1995 and 1997-1999). Therefore, the Court denies Defendants' Motion to Determine Bases for Disallows.

**IV.   MOTION TO DISCOVER BASIS FOR TRANSFER OF CASE**

Defendants' Motion to Discover Basis for Transfer asks the Court for the basis of transfer of this case from Judge Curiel to Judge Lopez, and states that they "have suspi[c]ions about the reason asserted for this transfer." *See* ECF No. 123, Motion to Discover Basis for Transfer at 1.

This action was previously assigned to Judge Gonzalo P. Curiel in the Southern District of California. On January 7, 2023, this case was transferred to Judge Linda Lopez pursuant to Southern District Local Rule 40.1(b). ECF No. 96. Under Civil Local Rule 40.1(b), "[u]pon the induction of a new judge or judges, the Court will assign the new judge(s) a portion of the existing civil case load from the dockets of the active judges." S.D. Cal. CivLR 40.1(b). "The Court will enter an order designating the number of such cases to be selected by the transferring judge and the number to be chosen randomly by the Clerk." *Id.* Upon Judge Lopez's induction as a new judge, the Court assigned sixteen cases, including this current case, from Judge Curiel's docket to be transferred to Judge Lopez's docket. *See* ECF No. 96. As such, the Court denies Defendants' Motion to Discover Basis for Transfer.

/ / /

## V.     MOTION FOR JURY TRIAL

Defendants request a jury trial because "they would be severely prejudiced" without a jury trial and state their delay in requesting a jury trial was "[d]ue to Defendants' numerous illnesses, surgeries, and hospitalizations." ECF No. 124, Motion for Jury Trial at 1.

Plaintiff opposes Defendants' request for a jury trial on the grounds that it is untimely. Plaintiff also contends that Defendants are not entitled to a jury trial because the action and its remedies are "equitable in nature." *See* Oppo. at 7–9.

As an initial matter, Defendants acknowledge that they delayed in requesting a jury trial.[2] *See* Motion for Jury Trial at 1. Under Rule 39, if a party has not timely filed a demand for a jury trial, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). However, the Ninth Circuit has consistently held that "the district court's discretion under Rule 39(b) is narrow and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (internal quotation marks omitted).

Here, Defendants argue that their delay in filing the Motion for Jury Trial was "excusable neglect" because of "Defendants' numerous illnesses, surgeries, and hospitalizations."[3] *See* Motion for Jury Trial at 1. In addition, Defendants state that they

---

[2] Defendants' request for a jury trial is untimely under Federal Rule of Civil Procedure 38. To properly demand a jury trial, a party may "serv[e] the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Here, the last pleading, or Plaintiff's second amended complaint, was filed on June 11, 2018. *See* ECF No. 58. Defendants never answered Plaintiff's second amended complaint. *See generally* Docket. The case was stayed from October 16, 2018, to March 1, 2022. *See* ECF Nos. 85, 104. Defendants filed a motion for a jury trial on January 13, 2023, nearly ten months after the stay was partially lifted. *See* ECF No. 124.

[3] Although Defendants do not explicitly state they filed their Motion for Jury Trial pursuant

would be "severely prejudiced" without a jury trial. *Id.* While the Court acknowledges that Defendants have gone through several difficult medical emergencies and hospitalizations, Defendants' failure to file the Motion for Jury Trial after the last pleading was filed *in 2018*, and ten months after the stay was partially lifted, establishes no more than oversight or inadvertence. This is not a sufficient basis to grant Defendants relief from an untimely jury demand.

Further, even if Defendants had made a timely demand for a jury trial or Defendants' failure to timely file a demand was not the result of inadvertence, the right to a jury trial depends on the nature of the relief that is sought. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565–66 (1990). "The Seventh Amendment preserves jury trials for 'Suits at common law,' but there is no jury trial right for equitable actions." *See Branch Banking and Trust Co. v. Smoke Ranch Development, LLC*, 92 F. Supp. 3d 998, 1002 (D. Nev. 2015) (citing *Katchen v. Landy*, 382 U.S. 323, 336–37 (1966)); *see also* U.S. Const. amend. VII.

Specifically, courts have held that actions to set aside fraudulent conveyances of real property are equitable actions. *See Johnson v. Gardner*, 179 F.2d 114, 117 (9th Cir. 1949) ("the wrong wrought by the fraud is not remedial at law in any efficient and practical way, and the historical equitable relief by cancellation of record is the only adequate and complete remedy."); *see also Vertical Doors, Inc. v. Luu*, 2010 WL 11595899, at *2 (C.D. Cal. Feb. 8, 2010) (concluding that "the Court is obligated to follow the Ninth Circuit's decision in *Johnson v. Gardner*, which held that a fraudulent conveyance of real property action is equitable."). Additionally, foreclosure suits of federal tax liens are historically equitable actions for which there is no right to trial by jury. *See Branch Banking*, 92 F.

---

to Rule 39(b), the Court construes Defendants' request for a jury trial as a Rule 39(b) motion because Defendants acknowledged their demand for a jury trial was untimely. *See* Motion for Jury Trial at 1; *see also See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.").

8

Supp. 3d at 1002; *see also Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir. 1961) ("Foreclosure of the mortgagor's equity of redemption was an established head of equity jurisdiction well before 1791"). Similarly, nominee doctrines in the context of federal tax liens are also known as "common law, equitable devices." *See Prompt Staffing, Inc. v. United States*, 321 F. Supp. 3d 1157, 1170 (C.D. Cal. 2018).

Here, Plaintiff is not seeking monetary damages. Rather, Plaintiff seeks to set aside the fraudulent conveyance of real property, foreclose on its federal tax liens against real property, and determine whether Defendant Victoria Le Beau holds Defendant Charles Le Beau's one-half interest in real property as his nominee. *See* ECF No. 58 at 9–12; Oppo. at 7–9. As previously stated above, actions to set aside the fraudulent transfer of real property are equitable actions, for which there is no right to a jury. *See Johnson*, 179 F.2d at 117. Nominee doctrines and foreclosure suits of federal tax liens are also historically "equitable devices" that are not entitled to a jury trial. *See Prompt Staffing*, 321 F. Supp. 3d at 1170; *Damsky*, 289 F.2d at 53. Therefore, the Court denies Defendants' Motion for Jury Trial.

## VI. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

1. Defendants' Motion to Strike All of Plaintiff's Pleadings is **DENIED**;

2. Defendants' Motion to Stay All Court Proceedings Until After Tax Court is **DENIED**;

3. Defendants' Motion to Determine Bases for Disallows of Depreciation and Tax Deductions is **DENIED**;

4. Defendants' Motion to Discover Basis for Transfer of Case from Judge Curiel to Judge Lopez is **DENIED**; and

5. Defendants' Motion for Jury Trial is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 18, 2023

_____
Honorable Linda Lopez
United States District Judge